IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 16, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M.  Poff
DEPUTY CLERK

| | | |
|---|---|---|
| TORY TEIGEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00410 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| SGT. OSBORNE, et al., | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Tory Teigen, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this action under

42 U.S.C. § 1983, claiming that the defendants confiscated, damaged, or disposed

of his personal property and failed to remedy the issue through the grievance process.

Upon review, I conclude that this § 1983 action must be summarily dismissed.

The court must dismiss a case "at any time" if the court determines that the

complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).  Teigen has submitted this case under 42 U.S.C. § 1983, a statute

that permits an aggrieved party to file a civil action against a person for actions taken

under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*,

735 F.3d 153, 158 (4th Cir. 2013).

Teigen complains that after being transferred to a new building, the defendants

violated his constitutional rights by depriving him of personal property, including

technology items, clothing, personal hygiene products, books, photos, and letters. As a constitutional claim, this contention lacks merit. In the prison context, "where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur." *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Therefore, "if a meaningful postdeprivation remedy for the loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. *Id.* at 533. The Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for negligent or intentional wrongful acts committed by state employees. *Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985). Therefore, I must summarily dismiss Teigen's § 1983 claims that any defendant violated his federal due process rights by intentionally or negligently depriving him of property.

Furthermore, to the extent that Teigen asserts that his constitutional rights were violated by the defendants' alleged mishandling of his grievances, it is well established that inmates do not have a constitutionally protected right to participate in a prison grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, a jail official's failure to comply with the jail's grievance procedure does not violate any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639,

-2-

640 (9th Cir. 1988). To the extent that Teigen seeks to hold jail officials liable under § 1983 for not following the jail's grievance procedures, I must dismiss such claims.

Accordingly, I will summarily dismiss the Complaint without prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

A separate Judgment will be entered herewith.

ENTER:   April 16, 2026

/s/ JAMES P. JONES
Senior United States District Judge